971 So.2d 1197 (2007)
Marianne COGHLAN
v.
Eden SMITH, State Farm Mutual Automobile Insurance Company, Progressive Security Insurance Company and ABC Insurance Company.
No. 2007-CA-0485.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 2007.
*1198 George J. Nalley, Jr., Nalley and Dew, A PLC, Metairie, LA, for Plaintiff/Appellant.
Renee Clark McGinty, Wallace, Casler & McGinty, Metairie, LA, for Defendant/Appellee, Progressive Insurance Company.
(Court composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO JR.).
LOMBARD, Judge.
Plaintiff/appellant, Marian Coghlan, appeals the judgment of the trial court denying her motion for a judgment notwithstanding the verdict ("JNOV") and additur. After review of the arguments of the parties in light of the record and applicable law, we affirm the judgment of the trial court and the verdict of the jury.
Relevant Facts and Procedural History
On October 3, 2003, the plaintiff was involved in an accident with a uninsured motorist, suffering soft-tissue injuries. On January 21, 2004, she filed this lawsuit, naming as defendants, Eden Smith (the uninsured driver), ABC Insurance Company, State Farm Mutual Automobile Insurance Company ("State Farm"), and Progressive.[1] After a two-day trial beginning on September 11, 2006, the jury returned a verdict finding Mr. Smith to be 100% at fault and awarding $35,000.00 in past general damages, $7500.00 for past medical expenses (pursuant to a stipulation among the parties), $10,000.00 in future general damages, and $45,000.00 in future medical expenses.
The trial court signed the judgment on September 18, 2006, and the plaintiff filed a timely motion characterized as a "Motion for a JNOV or, in the alternative, an additur/new trial", asserting that the jury abused its discretion in awarding $10,000.00 for future general damages when the award for future medical treatment was $45,000.00 for the injuries arising out of this automobile accident. The trial court denied the plaintiff's motion and she timely filed this appeal.
Discussion
The assessment of the appropriate amount of damages by a trial judge or jury is a determination of fact which is entitled to great deference on review. Wainwright v. Fontenot, 00-0492, p. 6 (La.10/17/00), 774 So.2d 70, 74. Accordingly, the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Id. (quoting Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993)). Thus, before disturbing an award made by the jury, an appellate court must first find that the jury abused its great discretion. Wainwright, 774 So.2d at 74 (citing Coco v. Winston Indus., Inc. 341 So.2d 332, 334 (La.1977)).
The plaintiff asserts that the jury verdict was inconsistent because it awarded $45,000.00 for future medical treatment and only a "nominal" $10,000.00 for future general damages. First, we disagree with the plaintiff's characterization of $10,000.00 as a nominal award for future general damages based on soft-tissue injuries. Moreover, as the Louisiana Supreme Court specifically held in Wainwright, a jury . . . can reasonably reach the conclusion that a plaintiff has proven his entitlement to recovery of certain medical costs, *1199 yet failed to prove that he endured compensable pain and suffering as the result of defendant's fault, Wainwright, 774 So.2d at 76, and once the jury has made its determinations, this court will not disturb those determinations absent evidence of unfairness, mistake, partiality, prejudice, corruption, exorbitance, excessiveness, or a result that is offensive to the conscience and judgment of the court. Wainwright, 774 So.2d at 77.
The plaintiffs reliance on Kreher v. Semreh Club, 95-0736 (La.App. 4 Cir. 5/14/97), 694 So.2d 1222, as supporting authority is misplaced. In that case, this court affirmed the trial courts decision to grant a JNOV and raise the damage award in light of the testimony of two treating physicians that the plaintiff had sustained a C6-7 herniated disc affecting the C-7 nerve root confirmed by a cervical MRI, resulting in ten to fifteen percent disability of the body as a whole, and had a fifty percent chance of needing surgery (with its associated risks of death, paralysis, and infection) in the future.
In this case, the plaintiff was treated for soft-tissue/whiplash neck injuries from October 3, 2003, until November 8, 2004, and then was treated only intermittently in 2005 and once in 2006. She underwent a MRI in 2004 and again in 2005, which revealed pre-existing degenerative disc disease, but no evidence of any problem (such as disc rupture, disc herniation, or nerve root impingement) attributable to the accident. Dr. Mark Juneau, the plaintiff's treating orthopedic surgeon, testified at trial that the plaintiff had no acute injury and that x-rays showed only degenerative disc disease in the form of scoliosis and spondylosis. Although the plaintiff had been examined by both a neurologist and neurosurgeon, neither physician found her to be a surgical candidate and neither physician testified at trial. Dr. Justin Lundgren, the plaintiffs treating physician and an expert in the field of physical medicine and rehabilitation, testified that the plaintiffs symptoms were all subjective with no true pain trigger-points and that she neither completed physical therapy nor took medications as prescribed. Dr. Deepak Awasthi, a neurosurgeon who performed an independent medical examination of the plaintiff, testified by videotaped deposition that the plaintiff's complaints were related to her cervical spondylosis, a degenerative condition, and/or a cervical sprain and that, although a future surgical fusion was a possible treatment option for her cervical spondylosis, such surgery would be related only to the degenerative cervical condition and not to any injuries arising from the accident underlying this litigation.
On this record, we do not find that the trial court erred in denying the plaintiff's motion for a JNOV and additur or that the jury award of $10,000.00 in future general damages constitutes an abuse of discretion. Although the award for $45,000.00 in future medical expenses appears generous, based upon the cost of her past medical treatment, it is not without basis.
Conclusion
The judgment of the trial court denying the plaintiffs motion for a JNOV and additur is affirmed.
AFFIRMED.
NOTES
[1] State Farm was the plaintiff's uninsured motorist ("UM") carrier and Progressive was the UM carrier on the car that she was operating at the time of the accident